**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ROBERT ALAN GRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23-cv-00304-AGF |
| | ) |
| STATE OF MISSOURI DEPARTMENT | ) |
| OF MENTAL HEALTH, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented plaintiff Robert Alan Gray's application

to proceed in the district court without prepaying fees and costs. Having reviewed the application

and the financial information submitted in support, the Court will grant the motion and waive the

filing fee. *See* 28 U.S.C. § 1915(a)(1). Furthermore, based on the allegations in the complaint, the

Court finds plaintiff has stated a plausible claim for constitutional violations against defendants

Ailyn Holland and Melissa Koderick. The Court will order the Clerk of Court to issue process as

to these defendants in their individual capacities. The Court will dismiss without prejudice

defendants the State of Missouri Department of Mental Health and Denise Hacker for failure to

state a claim upon which relief may be granted.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without

prepayment of fees and costs if it is frivolous, is malicious, fails to state a claim upon which relief

can be granted, or seeks monetary relief against a defendant who is immune from such relief. To

state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare

recitals of the elements of a cause of action [that are] supported by mere conclusory statements."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a self-represented plaintiff's complaint under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### The Complaint

Plaintiff, a civilly committed resident of the Missouri Department of Mental Health's ("DMH") Sex Offender Rehabilitation and Treatment Services ("SORTS") facility, brings this action under 42 U.S.C. § 1983 alleging the DMH and three employees failed to protect him from an attack by a violent sexual offender. Plaintiff names as defendants the DMH; Ailyn Holland, Security Support and Care Aide; Melissa Koderick, Registered Nurse; and Denise Hacker, Chief Operating Officer, Southeast Missouri Mental Health Center ("SMMHC"). He sues all defendants in both their official and individual capacities.

Plaintiff states that on December 12, 2022, at approximately 1:05 a.m. at the SORTS facility in Farmington, Missouri, he was raped by resident LuJuan Tucker. Tucker had been moved

the day before to Hoctor building 6 from Hoctor building 4 because of prior violent behavior. He was assigned to plaintiff's room.

Plaintiff states that defendant Ailyn Holland, a security support and care aide, was working on the night of December 11, 2022. At approximately 1:05 a.m., during a routine ward check, Holland opened the door to plaintiff's room and saw Tucker attacking plaintiff. She did not intervene. Defendant Melissa Koderick, the registered nurse assigned to Hoctor 6, was also working the night of December 11, 2022. Holland reported to Koderick what she had seen in plaintiff's room, and Koderick failed to intervene or check on plaintiff.

Plaintiff alleges defendant Denise Hacker, the Chief Operating Officer of SMMHC, failed to properly train staff to deal with these types of situations. She failed to separate extremely violent residents from other residents. Plaintiff states, "the COO is liable for every employee's misconduct."

At some point, plaintiff was transported to Mercy Hospital in Festus, Missouri by SORTS escort staff.  He received a rape test kit, three injections, and a CT scan. His injections were of Truvada and Isentress, post-exposure prophylaxis medications used together to fight HIV.

Plaintiff suffered from lower abdominal pain resulting from the rape. He also suffers from trauma, emotional distress, depression, and fear of reoccurrence. For relief, he seeks $23 million in punitive damages.

**Discussion**

*Defendant State of Missouri, Department of Mental Health*

Plaintiff's claim against the DMH must be dismissed for failure to state a claim. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008); *see also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of

action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"). Moreover, the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007).

Plaintiff's claim against the DMH is a claim against a state agency. As noted above, a state agency is not a "person" for purposes of § 1983. Furthermore, suit against the DMH is barred by the Eleventh Amendment. Therefore, plaintiff's claim against the DMH must be dismissed.

*Defendants Ailyn Holland and Melissa Koderick*

Officials at civil commitment facilities such as SORTS are constitutionally required to take reasonable measures to ensure resident's safety and protect them from attack. *See Nelson v. Shuffman*, 603 F.3d 439, 446 (8th Cir. 2010). Because plaintiff is a civil detainee, as opposed to a prisoner, the obligation arises under the Fourteenth Amendment. *Id* at 446 n.3. The Fourteenth Amendment provides civil detainees at least the same level of constitutional protection as the Eighth Amendment. *Id.*

Under both the Eighth and Fourteenth Amendments, to prove a violation an inmate must fulfill two requirements, one objective and one subjective. *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008). The first requirement is that, viewed objectively, the alleged deprivation of rights is sufficiently serious. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective inquiry, and requires that the prisoner prove that the prison official had a "sufficiently culpable state of mind." *Id*. "A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts

from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Lenz v. Wade*, 490 F.3d 991, 995 (8th Cir. 2007).

Plaintiff states that on a routine ward check, defendant Holland witnessed Tucker sexually assaulting plaintiff. Holland did nothing to stop the assault. At some point, Nurse Koderick knew of the attack and did nothing to stop the attack and did not check on plaintiff's wellbeing. Liberally construed, the Court finds that plaintiff has stated plausible claims against defendants Ailyn Holland and Melissa Koderick for unconstitutional failure to protect. The Court will order the Clerk of Court to issue summons on these two defendants in their individual capacities.[1]

*Defendant Denise Hacker*

Plaintiff alleges defendant Denise Hacker, as the Chief Operating Officer of SMMHC, is liable for every employee's misconduct, and specifically the conduct of defendants Holland and Koderick. However, vicarious liability is inapplicable to § 1983 suits. *Marsh v. Phelps Cty.*, 902 F.3d 745, 754 (8th Cir. 2018). As such, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). Thus, "a supervising officer can be liable for an inferior officer's constitutional violation only if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010); *see also Morris v. Cradduck*, 954 F.3d 1055, 1060 (8th Cir. 2020) ("To state a claim against a supervisor, a plaintiff must show that the supervising official, through his own individual actions, violated the Constitution"). To

---

[1] In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). In order to prevail on an official capacity claim, plaintiff would have to establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Plaintiff's allegations of such liability against the DMH have been dismissed. Thus plaintiff's allegations against the individual defendants in their official capacities will be dismissed.

succeed, "[t]he plaintiff must demonstrate that the supervisor was deliberately indifferent to or tacitly authorized the offending acts," which "requires a showing that the supervisor had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation." *Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir. 1996); *see also Rogers v. King*, 885 F.3d 1118, 1122 (8th Cir. 2018) ("A supervisor may be liable under § 1983 if he (1) received notice of a pattern of unconstitutional acts committed by a subordinate, and (2) was deliberately indifferent to or authorized those acts").

Plaintiff alleges in a conclusory manner that Hacker should be held responsible under a failure to train theory. Plaintiff alleges no facts to support his allegations that the COO was charged with training staff or had notice that any training procedures were inadequate. Nor does he allege Hacker had notice of prior unconstitutional acts of SMMHC's employees. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Plaintiff has failed to plead specific facts establishing any connection between Hacker and the alleged constitutional violation. The Court will dismiss plaintiff's claims against defendant Hacker pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Motion for Appointment of Counsel**

Finally, plaintiff's motion for appointment of counsel will be denied without prejudice. There is no constitutional or statutory right to appointed counsel in civil cases. *See Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). To determine whether to appoint counsel, the Court considers several factors, including whether: (1) the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) the plaintiff will substantially benefit from the appointment of counsel; (3) there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) the factual and legal issues presented

by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986);

*Nelson*, 728 F.2d at 1005.

After reviewing these factors, the Court finds that the appointment of counsel is not

warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his

claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be

complex. The Court will deny plaintiff's motion for appointment of counsel without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court

without prepaying fees and costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process

to issue upon the complaint, pursuant to the service agreement the Court maintains with the

Missouri Attorney General's Office, as to defendants Ailyn Holland and Melissa Koderick in their

individual capacities.

**IT IS FURTHER ORDERED** that defendants State of Missouri Department of Mental

Health and Denise Hacker are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants Ailyn Holland

and Melissa Koderick brought in their official capacities are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED**

**without prejudice**. [ECF No. 4]

An order of partial dismissal will accompany this memorandum and order.

Dated this 5th day of July, 2023.


_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE