UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT ALAN GRAY, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:23-cv-00304-AGF |
| STATE OF MISSOURI DEPARTMENT OF MENTAL HEALTH, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Amend the Case Management Order ("CMO"). ECF No. 71. Plaintiff, now represented by counsel, requests that the Court modify the scheduling order for good cause pursuant to Federal Rules of Civil Procedure 6(b)(1)(A) and 16(b)(4) to reopen discovery and extend all deadlines for 180 days to allow Plaintiff to file an amended complaint, conduct additional fact discovery, and retain and designate an expert witness. *Id.* Plaintiff argues that due to the circumstances of his confinement in the Department of Mental Health Sex Offender Rehabilitation Treatment Center, his prior ability to conduct discovery was severely limited but that he diligently attempted to do so.

Defendants oppose the motion. They argue that Plaintiff has already had sufficient opportunity to prosecute his claim in pre-trial discovery and that additional discovery after Defendants have already filed their motion for summary judgment (ECF No. 68) would unduly prejudice Defendants.

Under Federal Rules of Civil Procedure 6(b)(1)(A), when a party files a motion for extension of time before the deadline expires, the Court may, for good cause shown, grant the extension.  Fed. R. Civ. P. 6(b)(1)(A).  The deadlines that Plaintiff seeks to extend, however, have already expired.   After a case management order has been adopted by the district court, it may be still be modified, but only for good cause and with the judge's consent.  *Yang v. Robert Half Int'l, Inc.*, 79 F.4th 949, 960 (8th Cir. 2023) (citing Fed. R. Civ. P. 16(b)(4)).  "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements.  *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012) (internal quotation and citation omitted).  "The existence or degree of prejudice to the party opposing the modification and other factors may also affect the decision.  *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (internal quotation and citation omitted).

This case has been pending for over two years now, and at this late stage of the proceedings after summary judgment briefing has already been filed, the Court has concerns modifying the case management order for an additional six months, particularly without some showing of specific facts that are necessary to respond to Defendants' Motion for Summary Judgment and are likely to be discovered, and a reasonable time-frame for how quickly Plaintiff will be able to discover such facts.  *See Stanback v. Best Diversified Prod., Inc.*, 180 F.3d 903, 911 (8th Cir. 1999) (noting that a request for additional time to conduct discovery in order to respond to a summary judgment motion "requires the filing of an affidavit with the trial court showing 'what specific facts further

discovery might unveil'") (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1238 (8th Cir. 1997)).

Though the Court does not believe that Plaintiff lacked diligence while proceeding pro se, it finds that the extensive time requested by Plaintiff would unduly prejudice Defendants.  Plaintiff attempted to conduct discovery in this matter, however, his ability to do so was significantly hampered by limited resources and the restrictive circumstances of his detention.  While Defendants argue that the Court's denial of Plaintiff's prior attempt to re-open discovery should lead the Court to deny the present motion, that decision was substantially due to Plaintiff's inability, while proceeding pro se and having been granted *in forma pauperis* status, to demonstrate the funds necessary to proceed with issuing subpoenas and taking depositions.  Now represented by counsel, Plaintiff does not face the same hurdles.  However, reopening discovery for an additional six months, two years after this case was filed and after Defendants have already filed their motion for summary judgment, would be unduly prejudicial.

Therefore, while the Court will deny Plaintiff's present motion to amend the case management order at this time, it will give Plaintiff an additional two weeks to file a motion for additional discovery pursuant to Federal Rules of Civil Procedure 56(d) that identifies specific facts necessary to respond to Defendants' motion for summary judgment that are likely to be discovered and a specific and reasonable timeframe to discover them.[1]  If Plaintiff wishes to file an amended complaint, he may seek leave to do

---

[1]  Federal Rules of Civil Procedure 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to

so pursuant to the Federal Rules of Civil Procedure, at which point, the Court will consider the motion.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend the Case Management Order is **DENIED at this time**. ECF No. 71. Plaintiff shall have until **June 12, 2025** to file a motion pursuant to Federal Rules of Procedure 56(d). If Plaintiff fails to file such motion, the Court will set a date by which Plaintiff must respond to Defendants' Motion for Summary Judgment.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 29th day of May, 2025

---

justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discover; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). Because "[t]he purpose of Rule 56(d) is to provide an additional safeguard against an improvident or premature grant of summary judgment," courts have held that "the rule should be applied with a spirit of liberality." *Rummel v. Massachusetts Mut. Life Ins. Co.*, No. 4:13 CV 11743 RWS, 2014 WL 1116741, at *1 (E.D. Mo. Mar. 20, 2014) (citations omitted).