UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT ALAN GRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-cv-00304-AGF |
| ) | |
| STATE OF MISSOURI DEPARTMENT ) | |
| OF MENTAL HEALTH, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Rule 56(d) motion (ECF No. 83) to dismiss or defer Defendants' motion for summary judgment. Plaintiff, now represented by counsel, asserts that he was only able to conduct limited discovery when he was proceeding pro se, given his highly restrictive detention, and he is therefore unable to respond sufficiently to Defendants' motion for summary judgment. Plaintiff requests 90 days to conduct limited discovery, and he also suggests that he intends to seek leave to file an amended complaint.

Plaintiff discusses in detail in both his brief and in the sworn declaration of his counsel the discovery he believes will be likely to provide highly relevant evidence not previously disclosed, including but not limited to, contradictions in Defendants' evidence that have not yet been explored by depositions of the named Defendants and witnesses to the incident giving rise to this lawsuit, audio and video recordings from the night of the

incident, and police reports and medical evidence collected regarding the incident. Defendants have not responded to Plaintiff's motion, and the time to do so has passed.

Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P.56(d).  Because "[t]he purpose of Rule 56(d) is to provide an additional safeguard against an improvident or premature grant of summary judgment," courts have held that "the rule should be applied with a spirit of liberality." *Rummel v. Mass. Mut. Life Ins. Co.*, No. 4:13 CV 1743 RWS, 2014 WL 1116741, at *1 (E.D. Mo. Mar. 20, 2014) (citations omitted).

Upon careful consideration of Plaintiff's brief and sworn declaration, and having received no opposition from Defendants, the Court concludes that Plaintiff has made a good faith showing that discovery may inform his response to Defendants' summary judgment motion.

Therefore, the Court will give Plaintiff 90 days, or until October 14, 2025, to conduct whatever discovery that he believes is necessary to respond to Defendants' summary judgment motion. The Court will also follow the "usual practice" under Rule 56(d), which is to deny Defendants' motion for summary judgment without prejudice to reapply after Plaintiff has conducted this discovery. *See* 10B Charles Alan Wright & Arthur R. Miller, et al., Federal Practice and Procedure § 2740 (4th ed.).  After that time, Defendants may refile their motion for summary judgment and may advise the Court that

they wish to incorporate by reference their previously filed statement of facts and memorandum in support thereof, or Defendants may file a new such statement and memorandum.  The Court will then give Plaintiff 28 days to respond to the motion, once refiled, and the Court may not grant any further request under Rule 56(d) by Plaintiff absent a showing with specificity that additional discovery is required to respond to the motion, and good cause why such discovery has not been completed.

As to Plaintiff's suggestion that he intends to seek leave to file an amended complaint, the Court will set a deadline of 60 days, or until September 15, 2025, to file a motion for leave to amend that addresses Federal Rules of Civil Procedure 15(a)(2) and 16(b), as well as any appropriate authority governing joinder of new parties if Plaintiff intends to name any new parties; that attaches any proposed amended complaint; and that otherwise complies with the Court's Local Rules.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Rule 56(d) motion is **GRANTED**. ECF No. 83.  Plaintiff shall have until **October 14, 2025**, to conduct whatever discovery that he believes is necessary to respond to Defendants' summary judgment motion. Any further Rule 56(d) request by Plaintiff may not be granted absent a showing with specificity that additional discovery is required, and good cause why such discovery has not been completed.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **September 15, 2025,** to file any motion for leave to amend his complaint and/or to join additional parties.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment is **DISMISSED without prejudice** to refiling after the limited period for discovery, as set forth above.  ECF No. 68.

**IT IS FURTHER ORDERED** that on, or after **October 14, 2025**, Defendants may refile their motion for summary judgment, either incorporating by reference their previously filed statement of facts and memorandum in support thereof or filing a new supporting statement and memorandum.  Plaintiff's response shall be due no later than **28 days** after such a motion is filed; any reply shall be due no later than **14 days** thereafter.

Except as set forth above, the prior Case Management Order remains in effect.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 16th day of July, 2025