## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

ROBERT ALAN GRAY,

    *Plaintiff,*

v.

STATE OF MISSOURI DEPARTMENT
OF MENTAL HEALTH, et al.,

    *Defendants.*

No. 4:23-cv-00304-JMD

### <u>Order Granting Summary Judgment in Part</u>

Robert Gray is detained in Missouri's Sex Offender Rehabilitation and Treatment Services facility, which is where persons adjudicated to be "sexually violent predators" are civilly detained. Mo. Rev. Stat. § 632.495. He alleges that facility employees Melissa Koderick and Ailyn Holland failed to protect him from being assaulted by another detainee. He brings two counts: (1) against Koderick for assigning him to a room shared by the other detainee, and (2) against both employees for failing to intervene to stop the assault. The employees moved for summary judgment. The Court denies summary judgment on count I. The Court denies summary judgment as well as on count II as applied to Holland. But summary judgment is appropriate for count II as applied to Koderick because Gray waived this part of his claim.

### Background

The facility assigned Gray to the same room as LuJuan Tucker, who was being reassigned from a different ward after punching another detainee. Registered nurse Koderick approved the transfer by completing a roommate assessment form. She acknowledged on the form that Tucker had "a history of exploiting lower functioning individuals." ECF 131-1. She had also heard he "had sexually assaulted or physically

assaulted . . . other people at the facility in the past." ECF 129-3 at 7. But Koderick noted Tucker lacked a "history of conflict with the proposed roommates," so she marked the pairing as "safe and appropriate." ECF 131-1.

Gray alleges that Tucker sexually assaulted him the evening they were assigned together. Holland, a security support and care aide, opened the door to their room around 1:00 a.m. when conducting a routine ward check. She heard someone say, "oh, sh[*]t," and saw Tucker standing over Gray, who was sitting in bed. ECF 129-4 at 11–12. Gray alleges that Holland witnessed Tucker mid-assault but that Holland left to continue her ward check instead of intervening. Holland reported her observations to Koderick. Gray later reported the incident "out of fear of [Tucker]," and facility staff took him to the hospital for injuries he allegedly suffered. ECF 128 at 4.

## Analysis

Viewing the facts in the light most favorable to Gray, a reasonable jury could find that he was assaulted and that Koderick and Holland failed to protect him. While officials "do not commit a constitutional violation every time one prisoner attacks another," the Constitution "requires" officials to "take reasonable measures to guarantee inmate safety" against "attacks by other prisoners." *Young v. Selk*, 508 F.3d 868, 871–72 (8th Cir. 2007) (citation omitted). The defendants' brief in support of summary judgment is short—less than four pages of analysis. None of the arguments raised justifies summary judgment. And other potential arguments that could have been raised are waived at this stage because they were not presented in the short summary judgment brief. *Riley v. Bondi*, 606 U.S. 259, 273 (2025) ("If a party neglects to raise, concedes, or waives an issue, a court generally has no obligation to consider it.").

2

**I.**

To establish that Koderick failed to protect Gray when she approved Tucker's transfer into his room, Gray must establish that (1) the official's failure resulted in conditions that posed a "substantial risk of serious harm," and (2) the official was "deliberately indifferent" to that risk. *Schoelch v. Mitchell*, 625 F.3d 1041, 1046 (8th Cir. 2010). Koderick argues that neither element could be satisfied. On this summary judgment record, the Court disagrees.

Construing the factual disputes in Gray's favor, a jury could determine that Koderick's actions created a constitutionally serious risk of harm. Tucker had a history of exploiting and assaulting other detainees. Courts have frequently found that it can create a substantial risk of serious harm to house two inmates together when one has this kind of history. *See, e.g.*, *Vandevender v. Sass*, 970 F.3d 972, 976 (8th Cir. 2020) (noting the risk was "obvious" in "prior failure-to-protect cases arising out of inmate-on-inmate assault" that involved "an attacker who was known to be a volatile, dangerous man"); *Nelson v. Shuffman*, 603 F.3d 439, 447 (8th Cir. 2010) (deeming it "readily apparent" that a detainee "faced an objectively serious risk of harm by being placed in a room with" another detainee who "had previously sexually assaulted at least one young male while in jail" and who "subjected staff and residents to a relentless barrage of physical and sexual threats"). Koderick points out that Tucker had no history of threats against Gray, but cases like *Nelson* do not require that a detainee direct threats against the plaintiff. It is often enough that the detainee has been proven to be dangerous toward others.

A reasonable jury also could conclude that Koderick was deliberately indifferent to this risk. To prevail, Gray "is *not* required to allege and prove that the defendant . . . specifically knew about or anticipated the precise source of the harm." *Nelson*, 603 F.3d at 447 (citation omitted). "[I]t is enough that the official . . . failed to act despite his knowledge

3

of a substantial risk of serious harm." *Id.*; *see Whitson v. Stone Cnty. Jail*, 602 F.3d 920, 925–26 (8th Cir. 2010) ("Merely relying on the fact that these officials could not have guessed beforehand that [one inmate] might attack [another] does not warrant a summary judgment in their favor."). Koderick admitted knowing the risks Tucker posed to other detainees: threats, exploitation, physical attacks, and possibly even sexual violence. Koderick might be able to prove at trial that her conduct did not rise to the high level of deliberate indifference. *See Whitson*, 602 F.3d at 926 ("[T]he defendants could respond" that "they acted reasonably in the face of [substantial] risk" or that "they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent."). Or she might be able to prove that the facility had adequate safeguards to mitigate any risk. ECF 127 at 6. But relief is premature at this stage.

## II.

The Court grants summary judgment on count II against Koderick, but not against Holland. Gray brought this claim for failure to intervene against both "Holland and Koderick" in his amended complaint. ECF 97 at 6–7. And Koderick and Holland's summary judgment briefing on this count discusses both defendants. But in his summary judgment briefing, Gray admits that count II was "aimed at defendant Holland," and he never mentions Koderick. ECF 127 at 8 (cleaned up). "[F]ailure to oppose a basis for summary judgment constitutes waiver of that argument." *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trustees*, 558 F.3d 731, 735 (8th Cir. 2009); *see Riley*, 606 U.S. at 273. Just so here. Because Gray has not opposed summary judgment with respect to Koderick on count II, the Court grants summary judgment.

But summary judgment is not proper for Gray's claim against Holland. Holland presses just one argument for summary judgment: Gray stylized count II as a "claim for failure to intervene" instead of a claim for failure to protect, and a "failure to intervene" claim

4

is a Fourth Amendment claim that requires a defendant to engage in excessive force. ECF 123 at 5–6. Perhaps Gray could have been more precise in the language used, but the complaint in substance nonetheless presses a claim for failure to protect. And Gray's briefing makes clear that he pursues a claim for failure to protect. ECF 127 at 10. Indeed, the Court in a previous order described Gray's claim against Holland as a claim for failure to protect. ECF 5 at 5 (Gray "has stated plausible claims against defendants Ailyn Holland and Melissa Koderick for unconstitutional failure to protect."). The Court will not grant summary judgment based on a single arguably imprecise word.

### Conclusion

Koderick and Holland's motion for summary judgment, ECF 122, is granted in part and denied in part. The Court **DENIES** summary judgment on count I against Koderick. The Court **DENIES** summary judgment on count II against Holland, but **GRANTS** summary judgment on count II against Koderick.

Dated this 5th day of May, 2026

_____
JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE
FOR THE EASTERN AND WESTERN
DISTRICTS OF MISSOURI